Joel M. Tantalo, SBN 206096
Email: jtantalo@ta-llp.com
Michael S. Adler, SBN 190119
Email: madler@ta-llp.com
**TANTALO & ADLER LLP**
1901 Avenue of the Stars, Suite 1000
Los Angeles, CA 90067-6012
Telephone: (310) 734-8695
Facsimile: (310) 734-8696

Deborah J. Swedlow (admitted *pro hac vice*)
Email: bswedlow@honigman.com
Anessa Owen Kramer (admitted *pro hac vice*)
Email: akramer@honigman.com
Brittany D. Parling (admitted *pro hac vice*)
Email: bparling@honigman.com
**HONIGMAN MILLER SCHWARTZ AND COHN LLP**
130 South First Street, Fourth Floor
Ann Arbor, Michigan 48104
Telephone: (734) 418-4268
Facsimile: (734) 418-4269

Attorneys for Plaintiff Jaguar Land Rover Limited

James S. Williams, SBN 78582
Email: jwilliams@murchisonlaw.com
**MURCHISON & CUMMING, LLP**
801 South Grand Avenue, 9th Floor
Los Angeles, CA, 90017
Telephone: (213) 630-1077
Facsimile: (213) 623-6336

Attorneys for Defendant Santa Monica Rover, Inc.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| **JAGUAR LAND ROVER LIMITED**, a foreign corporation,<br><br>Plaintiff,<br><br>v.<br><br>**SANTA MONICA ROVER, INC.,** a California corporation,<br><br>Defendant. | CASE NO.: 2:14–cv–04631–AB–AGR<br><br>Hon. André Birotte Jr.<br><br>**STIPULATED PROTECTIVE ORDER** |

# STIPULATION

IT IS HEREBY STIPULATED, pursuant to Rule 29 of the Federal Rules of Civil Procedure, by and between Plaintiff Jaguar Land Rover Limited and Defendant Santa Monica Rover, Inc. (collectively, the "Parties"), and, subject to the approval of the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that the following Stipulated Protective Order (the "Order") shall govern the handling of discovery documents and information, which shall consist of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other materials produced, given, or exchanged by and among the Parties and any non-parties in connection with discovery in this action:

1. **Purposes and Limitations.**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Paragraph 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and this Court's procedures set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. **Good Cause Statement.**

This action is likely to involve trade secrets and other valuable research, development, commercial, financial, technical, and/or proprietary information for which special protection from public disclosure and from use for any purpose other

than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business practices, or other confidential research, development, or commercial information, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**3.     Definitions.**

3.1     Action: The above-captioned action and any appellate proceeding in the above-captioned action.

3.2     Attorneys' Eyes Only Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that reflect, refer to, or evidence highly sensitive proprietary, business, financial, strategic, tax, valuation, or other data or information, the disclosure of which to anyone not specifically included in Paragraph 8.3 would cause commercial or competitive injury or harm to the Designating Party.

3.2     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

3.3     Confidential Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under

Rule 26(c) of the Federal Rules of Civil Procedure, and as specified above in the Good Cause Statement.

3.4 Attorney or Counsel: Outside Counsel of Record and In-House Counsel for any Party in the Action, as well as employees of such counsel reasonably necessary to assist such counsel in the litigation of the Action.

3.5 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

3.6 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

3.7 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

3.8 In-House Counsel: attorneys who are employees of a Party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.9 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

3.10 Outside Attorney or Counsel of Record: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, as well as employees of such counsel reasonably necessary to assist such counsel in the litigation of the Action.

3.11 Party: any party to this Action, including its officers, directors, and employees, as well as its corporate parent(s), subsidiaries, affiliates, and any disclosed interested parties pursuant to Fed. R. Civ. P. 7.1.

3.12 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

3.13 Professional Vendors: persons or entities that provide litigation support services (e.g., court reporting, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.14 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

3.15 Receiving Party: a Party or Non-Party that receives Disclosure or Discovery Material from a Producing Party.

**4. Scope.**

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.

**5. Duration.**

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**6. Designating Protected Material.**

6.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

6.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 6.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to each page that contains protected material. If only certain pages of a multi-

page document contain Confidential or Attorneys' Eyes Only Information or Items, the Producing Party shall make reasonable efforts to designate only those page(s).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "ATTORNEYS' EYES ONLY") to each page that contains Protected Material.

(b) for testimony given in deposition, that the Designating Party identify on the record, before the close of the deposition, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days after receipt of the official transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days after receipt of the official transcript if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

The deposition of any witness (or any portion of such deposition) that encompasses Confidential or Attorneys' Eyes Only Information or Items shall be taken only in the presence of persons who are qualified to have access to such information.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

6.3     Inadvertent Failures to Designate. An inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" does not waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**7.     Challenging Confidentiality Designations.**

7.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time.

7.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq.*

7.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**8.     Access To and Use of Protected Material.**

8.1     <u>Basic Principles.</u> A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Paragraph 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2     <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g) during their depositions, witnesses in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. If the witness is also an employee or agent of, or consultant to, any competitor of the Designating Party, the Designating Party may object at this time to the witness' receipt of the Confidential Information or Items. If the Designating Party objects (or in the case of a Non-Party is absent), the Confidential Information or Items shall be withheld from the witness until the Party seeking disclosure obtains the prior approval of the Court or the Designating Party;

(h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions; and

(i) any person whom Counsel for the Parties agree should have access to such materials who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

If any person entitled to receive Confidential Information or Items exclusively pursuant to paragraphs (b), (c), or (g) above is known to be a director, officer, manager, or full-time employee of any competitor of the Designating Party, Counsel for the Designating Party shall be notified at least 14 days prior to the disclosure of the Confidential Information or Items. Such notice shall provide a reasonable description of the person(s) to whom disclosure is sought sufficient to permit objection. If the

Designating Party objects in writing to the disclosure within 14 days after receiving notice, no disclosure shall be made until the Party seeking disclosure obtains the prior approval of the Court or the Designating Party. For purposes of this Paragraph, the Parties expressly agree that "director, officer, manager, or full-time employee" does not include a person who provides nothing more than consulting services to any competitor of the Designating Party. Such a consultant does not trigger the requirements of this Paragraph.

8.3   Disclosure of "ATTORNEYS' EYES ONLY" Information or Items.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(e) the author or recipient of a document containing the information; and

(f) any person whom Counsel for the Parties agree should have access to such Attorneys' Eyes Only Information and Items who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

If any person entitled to receive Attorneys' Eyes Only Information or Items exclusively pursuant to paragraph (b) above is a director, officer, manager, or full-time employee of a competitor of the Designating Party, then Counsel for the Designating Party shall be notified at least 14 days prior to the disclosure of Attorneys' Eyes Only

Information or Items to that person. Such notice shall provide a reasonable description of the person to whom disclosure is sought sufficient to permit objection. If the Designating Party objects in writing to the disclosure within 14 days after receiving notice, no disclosure shall be made until the Party seeking disclosure obtains the prior approval of the Court or the Designating Party. For purposes of this section, the Parties expressly agree that "director, officer, manager, or full-time employee" does not include a person who provides nothing more than consulting services to a competitor of the Designating Party. Such a consultant does not trigger the requirements of this Paragraph.

      8.4    Counsel of record to whom Confidential Information or Items is produced shall keep in their files the originals of all such signed Acknowledgements and Agreements to Be Bound.

**9.    Protected Material Subpoenaed or Ordered Produced In Other Litigation.**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" before a determination by

the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**10. A Non-Party's Protected Material Sought To Be Produced In This Action.**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.

If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**11.     Unauthorized Disclosure of Protected Material.**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**12.     Inadvertent Production of Privileged or Otherwise Protected Material.**

12.1     <u>Inadvertent Failure to Designate Information or Material as Confidential or Attorneys' Eyes Only</u>. An inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" does not waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely written notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

12.2     <u>Inadvertently Produced Privilege Documents</u>. The Parties agree that any inadvertent production of any privileged or attorney work-product material shall not result in the waiver of any associated privilege nor result in a subject matter waiver of any kind. The Parties further agree, however, that the disclosure of any particular

privileged or attorney work-product material shall cease to be "inadvertent" if, 10 days after the Receiving Party notifies the Producing Party that it has received what it believes could be privileged materials, the Producing Party does not request the return of the identified potentially privileged materials. All Parties agree to return any privileged material inadvertently disclosed immediately upon notice of the disclosure. Further, all Parties agree that no copies will be made of the inadvertently disclosed materials.

## 13. MISCELLANEOUS.

13.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

13.3 <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and this Court's procedures. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

13.4 This Order has no effect upon, and its scope shall not extend to, any Party's use of its own Confidential or Attorneys' Eyes Only Information or Items.

13.5 Nothing in this Order shall prevent a Party or Non-Party who has designated material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" from agreeing to release any such material from the requirements of this Order.

## 14. FINAL DISPOSITION.

After the final disposition of this Action, as defined in Paragraph 5, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this

subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Paragraph 5 (DURATION).

15. **Violation.**

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: February 17, 2015          **TANTALO & ADLER LLP**

By: /s/
JOEL M. TANTALO
Attorneys for Plaintiff JAGUAR LAND ROVER LIMITED

| | |
|---|---|
| DATED: February 17, 2015 | **MURCHISON & CUMMING, LLP** |
| | By: /s/ authorized per LR 5-4.3.4(a)(2) |
| | JAMES S. WILLIAMS |
| | Attorneys for Defendant SANTA MONICA ROVER, INC. |

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: February 17, 2015

*Alicia G. Rosenberg*

ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| **JAGUAR LAND ROVER LIMITED**, a foreign corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>**SANTA MONICA ROVER, INC.,** a California corporation,<br><br>　　　　　　Defendant. | CASE NO.: 2:14–cv–04631–AB–AGR<br><br>Hon. André Birotte Jr.<br><br>**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND** |

　　I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Jaguar Land Rover Limited v. Santa Monica Rover, Inc.*, No. 2:14–cv–04631–AB–AGR. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

　　I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____